JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANT
SAATCHI & SAATCHI HEALTHCARE COMMUNICATIONS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o THOMAS LAGRECA, | : |
| | : |
| | :  Civil Action No. |
| Plaintiff(s), | : |
| | : |
| vs. | : |
| | : |
| SAATCHI & SAATCHI HEALTH COMMUNICATIONS; ABC CORP. (1-10) (Said names being fictitious and unknown entities), | : **NOTICE AND PETITION FOR** |
| | : **REMOVAL OF CASE FROM THE** |
| | : **SUPERIOR COURT OF** |
| | **NEW JERSEY, BERGEN COUNTY** |
| | : |
| Defendant(s). | : |
| | : |

To:   Mr. William T. Walsh, Clerk
       United States District Court for the
       District of New Jersey
       Martin Luther King, Jr. Federal Bldg. &
       U.S. Courthouse
       1 John F. Gerry Plaza
       Camden, New Jersey 08101

       Andrew R. Bronsnick, Esq.
       Massood & Bronsnick, LLC
       50 Packanack Lake Road East
       Wayne, NJ 07470-6663

Defendant Saatchi & Saatchi Healthcare Communications (improperly pled as "Saatchi & Saatchi Health Communications") ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and 29 U.S.C. § 1132(e), respectfully submits this Notice and Petition For

Removal of a Case from the Superior Court of New Jersey, Bergen County, bearing Docket No. DC-004446-12; and as grounds for this removal alleges as follows:

        1.    On February 15, 2012, Defendant was served with a copy of the complaint entitled Patient Care Associates LLC a/s/o Thomas Lagreca, Plaintiff(s) v. Saatchi & Saatchi Health Communications, Defendant, Docket No. DC-004446-12, pending in the Superior Court of New Jersey, Bergen County. A true and correct copy of the summons and complaint are annexed hereto as Exhibit A. These documents constitute all pleadings, process, and other documents provided to Defendant in this action. This document was the initial pleading received by Defendant setting forth the claims upon which Plaintiff's action is based. See Sprague v. American Bar Ass'n, 166 F.Supp.2d 206, 209 (E.D. Pa. 2001); 16 Moore's Federal Practice, § 107.30(3)(a)(i)(C) (Matthew Bender 3d ed.).

        2.    This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446. Defendant has effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. See 28 U.S.C. § 1446.

        3.    Defendant has not filed an answer or other pleading in the New Jersey Superior Court.

        4.    This lawsuit is a controversy over which the United States District Courts have original jurisdiction in that the controversy is founded on a claim or right arising under the laws of the United States. 28 U.S.C. § 1441(b). Furthermore, this Court has supplemental jurisdiction over any additional causes of action asserted by Plaintiff under 28 U.S.C. § 1367.

        5.    In the Complaint, Plaintiffs, an ambulatory surgical center and a subscriber to a plan of group health insurance issued to Defendant's employees and family

members, allege Defendant failed to pay the usual, customary and reasonable reimbursement rates for specific medical procedures (Plaintiffs' Complaint, ¶¶ 1, 5, 8-12).

6.     The group health plan at issue is governed by ERISA, 29 U.S.C. § 1001, et seq.  Litigation under ERISA presents a federal question and jurisdiction is appropriate for federal courts under 28 U.S.C. § 1331(a) which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Furthermore, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

7.     As Plaintiffs seek reimbursement under a group health plan governed by federal law, federal question jurisdiction lies in this case.  Because the United States District Courts have original jurisdiction over, and federal law controls, actions brought to redress alleged acts in violation of group health plans and of the provisions of ERISA, 29 U.S.C. § 1001 et. seq., removal of this case to this Court under the circumstances herein is proper.  Metropolitan Life Ins. Co. v. Taylor, 107 S. Ct. 1542 (1987).

8.     Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiffs, or conceding that Plaintiffs have pleaded claims upon which relief may be granted.

9.     Venue is proper in this Court.

10.     Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of the removal of this action to all adverse parties, and has filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Bergen County.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Bergen County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890


By:_____/s David B. Lichtenberg_____
David B. Lichtenberg

ATTORNEYS FOR DEFENDANT
SAATCHI & SAATCHI HEALTHCARE
COMMUNICATIONS

Dated:  March 14, 2012
197905 pleading001-nor.doc

4853-2534-2223, v. 1

# EXHIBIT A

APPENDIX XI-A(1)
SUMMONS AND RETURN OF SERVICE



THE SUPERIOR COURT OF NEW JERSEY
Law Division, Special Civil Part

SUMMONS

### YOU ARE BEING SUED!

IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $15 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done within 35 days (including weekends) from the date you were "served" (sent the complaint). That date is noted on the next page.

AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35-day period for filing an answer unless a written agreement is reached and filed with the court.

AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at 201-487-2166____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at 201-488-0044____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

Effective 9/2002

Kathleen Anderson
Clerk of the Special Civil Part

## SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

**Plaintiff or Plaintiff's Attorney Information:**

Name

Andrew R. Bronsnick, Esq

Address

50 Packanack Lake Road

Wayne, New Jersey 07470

Telephone No . (973 ) 696 - 1900

Patient Care Associates, LLC

_____, Plaintiff(s)

versus

Saatchi & Saatchi Health

Communications _____, Defendant(s)

| | |
|---|---|
| Demand Amount· | $ 14943 00 |
| Filing Fee | $ 57 00 |
| Service Fee | $ |
| Attorney's Fees | $ 0 00 |
| **TOTAL** | $ 15000 |

**SUPERIOR COURT OF NEW JERSEY**

**LAW DIVISION, SPECIAL CIVIL PART**

BERGEN _____ COUNTY

_____

_____

( ) _____ - _____

Docket No: DC-004446-12
_____
(to be provided by the court)

**Civil Action**

**SUMMONS**

(Circle one): ☒ Contract   or   ☐ Tort

**Defendant(s) Information:  Name, Address & Phone:**

Saatchi & Saatchi Health Communications 375 Hudson Street New York, NY 10014

**Date Served:  02/15/2012**

### RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____   Date: _____   Time: _____

WM___WF___BM___BF___OTHER___HT_____WT_____AGE_____MUSTACHE_____BEARD_____GLASSES____

NAME: _____   RELATIONSHIP:_____

Description of Premises: _____

I hereby certify the above to be true and accurate:

_____Court Officer

### RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Michael Maita, hereby certify that on 02/15/2012, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

*Michael Maita*

Employee Signature

FILED Feb 09, 2012

Date Filed 2/9/12
Payment # 2077
CA  CK  CC  MO  CG
Amount  57-
Payor  massooD
Batch   /Case #  221

2012 FEB -9 PH 2: 42

**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

PATIENT CARE ASSOCIATES LLC a/s/o
THOMAS LAGRECA,

Plaintiff(s),

v.

SAATCHI & SAATCHI HEALTH
COMMUNICATIONS; ABC CORP. (1-10)
(Said names being fictitious and unknown
entities)

Defendant(s),

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY: SPECIAL CIVIL PART

DOCKET NO:   DC-004446-12

**CIVIL ACTION**

**COMPLAINT**

The Plaintiff, Patient Care Associates, LLC a/s/o Thomas Lagreca, by way of Complaint

against Defendant says:

## THE PARTIES

1.   Plaintiff, Patient Care Associates, LLC (hereinafter referred to as "Patient Care"

or "Plaintiff") is an ambulatory surgical center specializing in a wide array of

surgical procedures and having its office located at 500 Grand Ave., Englewood,

NJ 07631. At all relevant times, the Plaintiff was an "out-of-network" medical

practice that provided various surgical services to subscribers enrolled in the

healthcare plans of Defendant.

2.   Defendant Saatchi & Saatchi Health Communications (hereinafter referred to as

"Saatchi & Saatchi") is a pharmaceutical marketing company which actively

serves customers from New Jersey and is headquartered at 375 Hudson Street,

New York NY 10014.

Massood & Bronsnick, LLC
Attorneys at Law

3. Saatchi & Saatchi conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County pursuant to R. 4:3-2.

4. Saatchi & Saatchi maintains a self-funded health insurance plan for its employees and their participating family members.

5. Thomas Lagreca (hereinafter referred to as "Lagreca") is a citizen of the United States residing at 265 Custer Avenue Apt. 102, Jersey City NJ 07305 and is a subscriber to a plan of group health insurance issued to employees and their participating family members by Saatchi & Saatchi.

6. Plaintiff received a written Assignment of Benefits agreement from Lagreca, the aforementioned Saatchi & Saatchi subscriber, which transferred his contractual and legal rights under the group health policy issued by Saatchi & Saatchi to Plaintiff. Thus, Plaintiff has standing to bring a civil action against Saatchi & Saatchi.

## SUBSTANTIVE ALLEGATIONS

7. Saatchi & Saatchi operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Saatchi & Saatchi provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

8. Specifically, in this case, the Plaintiff provided the treating doctors and facility, a

Maimed & Bronstein, LLC
Attorneys at Law

high-level ambulatory surgery center, for the medical procedures administered to Lagreca.  It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Saatchi & Saatchi.

9.    The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

10.    In each instance, prior to Plaintiff rendering services, Saatchi & Saatchi  agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Saatchi & Saatchi's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

11.    Plaintiff submitted a bill to Defendant, Saatchi & Saatchi, based on the reasonable and customary charges for its services, in the amount of $21,640.00.  Saatchi & Saatchi approved an allowed amount of $6,000.45 and issued payment to Plaintiff in the amount of $3,000.23. Saatchi & Saatchi issued an Explanation of Benefits ("EOB") indicating that Lagreca was responsible for $3,000.22 and that the remaining balance of $15,639.55 was not allowed.

12.    Based upon the foregoing, Plaintiff hereby demands payment in the amount of $14,943.00.

Maanool & Brousnick, LLC
Attorneys at Law

13.  Plaintiff submitted appeals for reconsideration of the claim, and for further payment.  Defendant failed to provide an appropriate response to the appeal, because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

14.  Defendant has not issued any further payments to Plaintiff.

15.  By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

### FIRST COUNT
**(Breach of Contract—SAATCHI & SAATCHI)**

16.  Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

17.  Saatchi & Saatchi conducts business in every county in the State of New Jersey, including Bergen County and venue was properly laid in Bergen County pursuant to R. 4:3-2.

18.  Saatchi & Saatchi issued a policy of insurance and/or is obligated to provide health insurance to its employees and their participating family members including Lagreca.

19.  Saatchi & Saatchi breached its contract with Patient Care, a/s/o Thomas Lagreca,

Mannod & Brunswick, LLC
Attorneys at Law

by failing to pay the reasonable and customary rate for services rendered under the terms of the insurance policy and agreement and by failing to properly respond to Plaintiff's appeal.

20. Consequently, Patient Care was damaged by Saatchi & Saatchi's breach of contract.

WHEREFORE, Plaintiff requests judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Promissory Estoppel)

21. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

22. In reliance upon Saatchi & Saatchi's confirmation that payment would be issued in accordance with the reasonable and customary fee, Patient Care provided Saatchi & Saatchi subscribers or dependents with "medically necessary" care and treatment.

23. At no time did Defendant ever withdraw its confirmation that reimbursement would be in accordance with reasonable and customary fees.

24. Despite Defendant's continued affirmation that payment would be issued at the

Mastool & Broadnick, LLC
Attorneys at Law

reasonable and customary fee, Defendant has not provided proper payment to Patient Care for the medical services rendered.

25. Consequently, Defendant's actions have therefore caused Plaintiff to suffer a detriment of a definite and substantial nature in reliance upon Defendant's promise to pay at the reasonable and customary rate for the medical services rendered, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

26. As a result, Patient Care has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### (Negligent Misrepresentation)

27. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

28. Despite its confirmation that payment would be issued in accordance with the reasonable and customary fees for service rendered herein, Defendant negligently refused to pay the subject claims in accordance with said confirmation. Due to Defendant's negligent misrepresentation, Patient Care was paid less than the reasonable and customary rates.

Maswood & Brunswick, LLC
Attorneys at Law

29.    Defendant's negligent misrepresentation that payment would be issued in accordance with the reasonable and customary fees for the services rendered herein, was unknown to Patient Care at the time it agreed to perform the medical services for the subscribers and/or their dependents.  Plaintiff reasonably expected and relied upon what it believed to be Defendant's honest representations that the Plaintiff would be properly compensated in accordance with the payment confirmation.

30.    By virtue of the foregoing, Defendant has committed negligent misrepresentation.

31.    Patient Care's reliance on these misrepresentations was to its substantial detriment and as a result Plaintiff suffered significant damages

WHEREFORE, Plaintiff requests judgment against Defendant for:

a)  Compensatory damages;

b)  Interest;

c)  Costs of suit;

d)  Attorney's fees; and

e)  Such other relief as the Court deems equitable and just.

### FOURTH COUNT
### (Unjust Enrichment)

32.    Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

33.    At all relevant times, Defendant consistently and systematically refused to pay Plaintiff the reasonable and customary fees for the medical services rendered

Massood & Bronsnick, LLC
Attorneys at Law

contrary to Defendant's confirmation of payment terms.

34.     Therefore, Defendant has been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant for:

    a)   Compensatory damages,

    b)   Interest;

    c)   Costs of suit;

    d)   Attorney's fees; and

    e)   Such other relief as the Court deems equitable and just.

### FIFTH COUNT

35.     Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

36.     On or about the aforementioned dates and place, Defendant, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendant for:

    a)   Compensatory damages;

    b)   Interest;

    c)   Costs of suit;

Mansood & Bronstick, LLC
Attorneys at Law

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

BY: _Andrew R. Bronsnick_
ANDREW R. BRONSNICK, ESQ.

Dated: February 6, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated. There are no other known parties who should be joined to this action.

MASSOOD & BRONSNICK, LLC
Attorneys for Plaintiff

BY: _Andrew R. Bronsnick_
ANDREW R. BRONSNICK, ESQ.

Dated: February 6, 2012

f.\wp51\majormed\patient care associates, llc\lagreca\complaint 011912 doc

Massood & Bronsnick, LLC
Attorneys at Law